**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PORT DRIVERS FEDERATION 18, INC., | : :  : | |
| Plaintiff, | : : | **OPINION** |
| v. | : : | Civ. No. 12-5749 (WHW) |
| ANTHONY M. FORTUNATO, | : : | |
| Defendant. | : : : | |

**Walls, Senior District Judge**

Plaintiff Port Drivers Federation 18, Inc. ("Port Drivers"), moves to remand this case to the Superior Court of New Jersey, Law Division, Union County, pursuant to 28 U.S.C. § 1447(c). Defendant Anthony M. Fortunato cross moves for dismissal. This Court decides this motion without oral argument under Federal Rule of Civil Procedure 78(b). Port Driver's motion to remand is granted.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 18, 2010, this Court held All Saints Express, Inc. ("All Saints"), a federally registered motor carrier, in violation of federal Truth-in-Leasing regulations and ordered injunctive relief. *Port Drivers Fed'n 18, Inc. v. All Saints*, 757 F. Supp. 2d 443 (2010) (subsequent determination that All Saints was in compliance with injunction *Port Drivers Fed'n 18, Inc. v. All Saints*, 757 F. Supp. 2d 463 (2011)). During that litigation, Plaintiff Port Drivers alleged Saint George Warehouse, Inc. ("Saint George"), a holding warehouse that contracted

**NOT FOR PUBLICATION**

with All Saints, was an alter ego and "affiliate" under the Truth-in-Leasing regulations of All

Saints. This Court dismissed the alter ego allegations because Plaintiffs failed to show Saint

George was using All Saints to "perpetrate fraud, to accomplish injustice, or to circumvent the

law." *Port Drivers*, 757 F. Supp. at 458. This Court also held Saint George was not an affiliate

of All Saints because Saint George and All Saints lacked common ownership. *Id.*

On October 11, 2011, this Court awarded attorney's fees and costs to Plaintiff Port

Drivers. The judgment against All Saints totalled $278,837.45. Pet. for Removal ¶ 5. Thus far,

execution of that judgment has yielded $11,774.00. *Id.*

On July 13, 2012, Port Drivers filed an action against Anthony Fortunato, owner of All

Saints, in the Superior Court of New Jersey, Law Division, Union County, alleging a New Jersey

state law alter ego liability claim. Pet. for Remand 2. Port Drivers alleges Fortunato "operated

All Saints as his alter-ego by grossly undercapitalizing All Saints, by ignoring corporate

formalities, including appointing no officers and directors, and by operating the company

through persons who were not employees of All Saints." *Id.* at 3. Port Drivers seeks judgement

against Fortunato in the amount of $267,063.45 – the outstanding judgment against All Saints

that originated from this Court's order on October 11, 2011. *Id.*

On September 11, 2012, Fortunato filed a Petition for Removal of the state court action to

this Court, alleging this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.  ECF No.

1.  On October 3, 2012 Port Drivers moved to remand to the Superior Court of New Jersey,

alleging this case falls outside of this Court's supplemental jurisdiction. ECF No. 8. Fortunato

opposed the motion for remand and moved to dismiss, alleging this case is barred under

principles of collateral estoppel. ECF No. 10.

**NOT FOR PUBLICATION**

## STANDARD OF REVIEW

When confronted with a motion to remand, the removing party has the burden of establishing the propriety of removal. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991). Moreover, "removal statutes 'are to be strictly construed against removal, and all doubts resolved in favor of remand.'" *Id.* at 111 (citations omitted).

## DISCUSSION

### I.     This Court Lacks Jurisdiction Over This Corporate Veil Piercing Claim.

#### A.  This Court Lacks Supplemental Jurisdiction.

In his petition for removal, Fortunato alleges Port Drivers' attempt to pierce All Saint's corporate veil in order to hold Fortunato liable for All Saints' debts is "in reality a supplemental or an ancillary proceeding to recover money on the judgment aforesaid and is directly related to the initial complaint against ASE and St. George." Pet. for Removal ¶ 10.  In its motion for remand, Port Drivers argues this Court lacks jurisdiction since this case involves a state law claim seeking a state court judgment. Mot. to Rem. 1. Plaintiffs are correct.

In *Peacock v. Thomas*, the Supreme Court considered "the issue whether federal courts possess ancillary jurisdiction over new actions in which a federal judgment creditor seeks to impose liability for a money judgment on a person not otherwise liable for the judgment." *Peacock v. Thomas*, 516 U.S. 349, 351 (1996). The Court concluded federal courts do not possess "ancillary jurisdiction over new actions in which a federal judgment creditor seeks to impose liability for a money judgment on a person not otherwise liable for the judgment." *Id.* at 351; *see also Gambone v. Little Rock Drywall*, 288 Fed. Appx. 9, 12 (3d Cir. 2008) ("ancillary jurisdiction was not intended for use as tool for establishing personal liability on the part of a

**NOT FOR PUBLICATION**

new defendant, for instance by designating that party as an alter ego of the indebted party or by piercing the corporate veil.").

In his opposition to remand, Fortunato acknowledges the holding in *Peacock* stating "there is no dispute in the face of the holding in *Peacock* . . . that removal of a case from a state court of a federal court, where the complaint seeks to pierce a corporate veil and hold a third party, not a party to the original action liable, cannot survive . . . because such an action is not an enforcement proceeding." Opp'n to Rem. 7.  Nevertheless, Fortunato asserts this Court has ancillary jurisdiction over this suit since "Port Drivers [sic] present complaint is ancillary to this Court's award of counsel fees in the original action in light of the fact that the issue of alter ego/piercing of the corporate veil of All Saints was an issue before the Court in the initial proceeding." Opp'n to Rem. 8.

But in the original action *Port Drivers Fed'n v. All Saints*, 757 F. Supp. 443 (2010), the alter ego claim alleged was against Saint George, a different entity from Anthony Fortunato. *Id.* at 456-458.  In that action, Port Drivers sought to hold Saint George liable for All Saints' Truth-In-Leasing violations, by alleging, in effect, Saint George conducted the violations itself as the dominant corporation of All Saints. *Id.* In the present action, Port Drivers does not contend that Fortunato violated federal Truth-in-Leasing laws. Rep. Br. 4 ("PDF 18 . . . cannot assert a valid § 14102 claim that Mr. Fortunato violated Truth-in-Leasing regulations. . . . . Mr. Fortunato was never a shipper, receiver, motor carrier, or an assistor loading or unloading.") Instead, Port Drivers seeks to collect an outstanding judgment for concluded litigation. Thus, while an alter ego claim was present in the original litigation, that alter ego claim was against different parties and is distinct from the attempt to pierce the corporate veil at issue here. In *Peacock* the Court reasoned "[i]n a subsequent lawsuit involving claims with no independent basis for jurisdiction, a

**NOT FOR PUBLICATION**

federal court lacks the threshold jurisdictional power that exists when the ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction." *Peacock*, 516 U.S. at 355.  This is a later lawsuit with no independent basis for jurisdiction and this Court lacks the threshold jurisdiction power to hear the claim.

### B.  This Court Lacks Original Jurisdiction.

Fortunato also argues "[a] separate suit could have been brought in federal court pursuant to 14704(e), following entry of judgment against All Saints for violating the [Truth-in-Leasing] regulations, to recover counsel fees and named Fortunato as a defendant, alleging that he is personally liable . . . under a piercing the corporate veil theory." Opp'n to Rem. 8. 49 U.S.C § 14704(e) provides:

> Attorney's fees. – The District court shall award a reasonable attorney's fee under this section. The district court shall tax and collect that fee as part of the costs of the action.

Fortunato's theory that Section 14704(e) expands federal jurisdiction over state corporate veil piercing claims is incorrect.  Fortunato focuses on the district's power to "collect" attorney fees, but he ignores the rest of the language which specifies the district court's powers are limited to "the costs of the action." Opp'n to Rem. 3-4. Port Drivers' attempt to collect the judgment from Fortunato is not a cost of the action. In *Gambone v. Lite Rock Drywall*, the Third Circuit acknowledged that "in *Peacock*, the Supreme Court held that a motion to pierce the corporate veil was not an enforcement proceeding." 288 Fed. Appx. 9 (2008).  The litigation regarding the Truth-in-Leasing violations has concluded and Port Drivers only seeks to collect an outstanding judgment. As such, the action is not related to the "costs of the action" that arose from All Saint's violations of the Truth-In-Leasing Act.

5

**NOT FOR PUBLICATION**

Moreover, Fortunato reads Section 14704(e) in isolation, but Section 14704(e) is found in conjunction with Section 14704(a)(1), the explicitly jurisdictional section of the Truth-in-Leasing regulations, which only confers jurisdiction over violations of Sections 14102, 1403 and 14915(c) of the Truth-in-Leasing regulations by carriers or brokers. It is unlikely that an attorney's fees provision was intended to supersede this section, especially in light of the "sparse" legislative history surrounding Section 14704(e). *See Owner-Operator Indep. Drivers Ass'n, Inc. v. New Prime, Inc.*, 398 F.3d 1067, 1070 (8th Cir. 2005). *See also Fulfillment Services Inc. v. United Parcel Serv. Inc.*, 528 F.3d 614, 623-24 (9th Cir. 2008) (resisting an expansive reading of Section 14704(e) because "the . . . 'sparse' . . . history does not support that Congress intended to adopt a "sea change" and mandate awards to prevailing defendants.") There is no evidence that the simple attorney's fees provision was intended to supersede Section 14704(a)(1) and confer upon this Court original jurisdiction.

## II.      This Court Need Not Reach Fortunato's Motion To Dismiss.

Fortunato alleges the present case is barred by New Jersey's Entire Controversy Doctrine or principles of collateral estoppel. Mot. To Dismiss 10. This Court lacks the jurisdiction to hear Fortunato's claims. Fortunato's motion to dismiss before this Court is moot.


## CONCLUSION

Port Drivers' motion to remand is GRANTED.


s/ William H. Walls
United States Senior District Judge